THE defendant was indicted for a misdemeanor under the act of assembly, for receiving stolen goods, knowing them to be stolen. The jury found the defendant guilty, but did not assess his fine. The defendant prayed that judgment might be arrested, for the following reasons: “ 1st, Because the indictment did not state, that the defen- “ dant feloniously took and received the goods: 2d, Be- “ cause the jury ought to have assessed the fine, which “ they have not done: 3d, Because it is not stated in the indictment, that the principal felons, or either of them, who 11 are stated to have stolen the goods, in the indictment “ mentioned, had been convicted thereof: -trh, Because the “ indictment is informal and insufficient.5’ The questions of law arising from these alleged errors, «were adjourned. The General Court, june 19th, 1793, consisting us fudges Tucker, Tyler, Henry, Roane and Nelson, cer tified the following opinion: “ That judgment of impri- “ sonment may be rendered against the defendant, al- “ though the jury have not assessed his amercement. “ which it was their province to. have done.”
Note. See 1st Vol. Rev. Code, p. 103, Sect. 26. by which the juries are directed to assess the fin,. The *20 first, and third reasons assigned in arrest of judgment, are not noticed by the General Court; they are sufficiently answered by the act of assembly itself, on which the prosecution was founded. See 1st Vol. Rev. Code, p. 206, eh. 109, sect. 4th.